HENRY JAHNER and SANDRA JAHNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jahner v. Commissioner
Docket No. 9978-75.
United States Tax Court
T.C. Memo 1978-333; 1978 Tax Ct. Memo LEXIS 181; 37 T.C.M. (CCH) 1374; T.C.M. (RIA) 78333; August 23, 1978, Filed *181 Howard K. Schwartz, for petitioner Sandra Jahner. Peter M. Ritteman, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies in petitioners' Federal income tax and additions to tax under section 6653(b): [1]/ Addition Petitioner
Year
Deficiency
(sec. 6653(b))
Henry Jahner
1966
$ 6,689.80
$ 3,344.90
Henry Jahner and
Sandra Jahner
1967
5,629.00
2,815.00
Henry Jahner and
Sandra Jahner
1968
8,054.00
4,807.00
Henry Jahner and
Sandra Jahner
1969
794.00
397.00
On March 14, 1978, petitioner Sandra Jahner and respondent filed with the Court a stipulation whereby they agreed that there are Federal income taxes due from her for 1967, 1968, and 1969 in the amounts determined by respondent but there were no additions to tax due from her for those years. Henry Jahner (hereinafter petitioner) did not appear at the trial of this case or respond in any way to the notice of trial setting. On March 14, 1978, this *182 Court found petitioner in default and granted respondent's motion to dismiss for failure to prosecute that part of the case relating to the income tax deficiencies determined against petitioner. That order further stated that there will be determined to be due from petitioner the deficiencies in income tax as set forth in the notices of deficiencies for 1966 through 1969. The sole issue remaining for decision is whether any part of petitioner's underpayment of taxes for 1966 through 1969 was due to fraud within the meaning of section 6653(b). On this issue, respondent has the burden of proof. FINDINGS OF FACT Petitioners Henry Jahner and Sandra Jahner, husband and wife, were legal residents of Howell, Michigan, when they filed their petition. For 1966, petitioner Henry Jahner filed an individual Federal income tax return. For 1967, 1968, and 1969, petitioner and Sandra Jahner (Sandra) filed joint Federal income tax returns. All the returns were filed with the Internal Revenue Service Center, Cincinnati, Ohio. From 1966 through 1969, petitioner operated as a sole proprietorship Continental Drapery (Drapery), a drapery and decorating business located in Detroit, Michigan. *183 Petitioner owned the building which housed Drapery's business operations. On his 1966 through 1969 Federal income tax returns, he nevertheless claimed yearly rental deductions in the amount of $ 2,400 for that property. During that period monthly checks of $ 200, purportedly for rent, were written on Drapery's bank account and made payable to George Quinn. In the course of respondent's examination of petitioner's Federal income tax returns, petitioner identified the checks as rental payments but refused further to identify George Quinn. Also from 1966 to 1969, petitioner wrote checks on Drapery's bank account payable to Gale Fagen and Sandra Blauvelt in the following annual amounts: Year
Amount
1966
$ 790.00
1967
1,570.00
1968
2,080.00
1969
1,824.96
$ 6,264.96
Sandra endorsed those checks and petitioner cashed them and used the proceeds thereof.On his 1966 through 1969 Federal income tax returns, petitioner deducted the amounts of these checks as outside labor expense. At that time, Sandra was not an employee of Drapery, but she occasionally participated in its billing process.Petitioner advised respondent's agents during their investigation of *184 his returns that the checks represented outside labor expense. Respondent determined that petitioner is liable for an addition to tax equal to 50 percent of the underpayments pursuant to section 6653(b). OPINION We think respondent has shown by clear and convincing evidence that part of the deficiencies for 1966 through 1969 was due to fraud within the meaning of section 6653(b). Through the means of checks made payable to fictitious payees, petitioner sought to document deductions taken on his 1966 through 1969 Federal income tax returns for rental expenses not actually incurred and for excessive outside labor costs. When confronted with this evidence during the course of the investigation of his income tax returns, petitioner represented to the Internal Revenue Service agents that these checks covered business expenses. Yet Sandra's undisputed, credible testimony convinces us that this is not so. Rather, the whole check-writing procedure was a scheme to manufacture income tax deductions. Fraud may be established by showing an overstatement of deductions as well as by the omission of income. , affd. *185 , cert. denied . Petitioner's misrepresentations to the Internal Revenue Service agents as to the purposes for which the checks were given is evidence which confirms an intent to defraud the Government of taxes lawfully due. . To reflect the stipulation entered into between petitioner Sandra Jahner and respondent, this Court's order of March 14, 1978, and the foregoing, Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue.